**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

Case No. 1:14-CV-03090-VEB

JOSHUA NEFF,

                Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In January of 2011, Plaintiff Joshua Neff filed an application for Disability Insurance Benefits under the Social Security Act.  The Commissioner of Social Security denied the application.

DECISION AND ORDER – NEFF v COLVIN 14-CV-03090-VEB

Plaintiff, represented by D. James Tree, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 6).

On January 30, 2015, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 20).

## II. BACKGROUND

The procedural history may be summarized as follows:

Plaintiff applied for Disability Insurance Benefits on January 4, 2011. (T at 148-56).[1]  The application was denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On February 13, 2013, a hearing was held before ALJ Laura Valente. (T at 39).  Plaintiff appeared with an attorney and testified. (T at 48-62). The ALJ also received testimony from Kimberly Mullinax, a vocational expert. (T at 63-68).

On April 26, 2013, ALJ Valente issued a written decision denying the application for benefits and finding that Plaintiff was not disabled within the

---

[1] Citations to ("T") refer to the administrative record at Docket No. 11.

DECISION AND ORDER – NEFF v COLVIN 14-CV-03090-VEB

meaning of the Social Security Act.  (T at 18-38).   The ALJ's decision became the Commissioner's final decision on June 16, 2014, when the Appeals Council denied Plaintiff's request for review. (T at 1-5).

On June 25, 2014, Plaintiff, acting by and through his counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 4). The Commissioner interposed an Answer on September 8, 2014. (Docket No. 10).

Plaintiff filed a motion for summary judgment on December 15, 2014. (Docket No. 15).  The Commissioner filed a motion requesting remand for further proceedings on February 6, 2015. (Docket No. 21).   Plaintiff filed a reply memorandum of law on February 20, 2015, agreeing that the case should be remanded, but arguing that the remand should be for calculation of benefits. (Docket No. 22).

On February 20, 2015, Plaintiff filed a motion asking this Court to take judicial notice of a Notice of Award by the Social Security Administration, dated October 27, 2014, which granted Plaintiff disability benefits retroactive to June 28, 2013. (Docket No. 23).  The Commissioner did not respond to this motion.

For the reasons set forth below, the Commissioner's motion to remand for further proceedings is granted, Plaintiff's motion to remand for calculation of

DECISION AND ORDER – NEFF v COLVIN 14-CV-03090-VEB

benefits is denied, and this case is remanded for further proceedings. Plaintiff's motion for judicial notice is granted without opposition.

## III. DISCUSSION

### A.    Sequential Analysis

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so,

DECISION AND ORDER – NEFF v COLVIN 14-CV-03090-VEB

benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past

work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B.    Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla,

DECISION AND ORDER – NEFF v COLVIN 14-CV-03090-VEB

*Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding

of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ found that Plaintiff had not engaged in substantial gainful activity since December 18, 2010 (the alleged onset date) and met the insured status requirements of the Social Security Act through June 30, 2015 (the date last insured). (T at 23). The ALJ determined that Plaintiff had the following severe impairments: left tibia/fibular fracture, degenerative disc disease of the lumbar spine, obesity, affective disorder, and pain disorder. (Tr. at 24).   However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 25).

The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR § 404.1567 (b), with the following limitations: he can lift 20 pounds occasionally and 10 pounds frequently; he can stand/walk for 2 hours in an 8-hour workday; sit 1 hour at a time after which he needs to stand/stretch for a few minutes, but can continue working while standing, and then continue this sit/stand pattern every hour for 6 hours total in an 8-hour work day; he cannot operate foot pedals, can occasionally perform postural activity

DECISION AND ORDER – NEFF v COLVIN 14-CV-03090-VEB

but can never climb ladders, ropes, scaffolds; he cannot kneel, crouch or crawl and must avoid all exposure to vibration and concentrated exposure to extreme cold, heat, wetness, humidity, and hazards; he has sufficient concentration to understand/remember/carry out simple repetitive tasks; he can maintain attention and concentration in 2-hour increments for simple repetitive work with usual and customary breaks over an 8-hour workday; he can work superficially and occasionally with the general public and can work in proximity to an unlimited number of coworkers, but should not work in coordination with them. (T at 26-27).

The ALJ found that Plaintiff could not perform his past relevant work as a janitor, merchant patroller, painter, or security guard. (T at 31-32). However, considering Plaintiff's age (33 years old on the alleged onset date), education (high school), work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff can perform. (T at 32-33).

As such, the ALJ concluded that Plaintiff had not been disabled, as defined under the Act, from December 18, 2010(the alleged onset date), through April 26, 2013 (the date of the ALJ's decision) and was therefore not entitled to benefits. (T at 33). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-5).

DECISION AND ORDER – NEFF v COLVIN 14-CV-03090-VEB

# IV.   ANALYSIS

Plaintiff and the Commissioner agree that a remand is required. Their dispute concerns whether the remand should be for further proceedings or merely for the calculation of benefits.

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

In contrast, an award of benefits may be directed where the record has been fully developed and where further administrative proceedings would serve no useful purpose. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  Courts have remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id*. (citing *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th

Cir.1989); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989); *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1401 (9th Cir.1988)).

In this case, the Commissioner concedes (1) the ALJ's decision did not contain an adequate discussion of how diabetes affected Plaintiff's functioning (T at 24), (2) the ALJ's discussion of Plaintiff's right knee impairment was unclear (T at 24), and (3) the ALJ did not reference an opinion from an unnamed doctor, dated September 26, 2012, which limited Plaintiff to sedentary, sit-down work, with no lifting over 10 pounds (T at 493, 506, 549).  The Commissioner argues, however, that these errors can be corrected on remand and that there is doubt in the record as to whether Plaintiff is actually disabled.

Plaintiff contends that a remand for calculation of benefits is the appropriate remedy, arguing that the ALJ did not properly assess several medical opinions.

Dr. George S. Liu, a treating physician, opined on several occasions between October of 2012 and March of 2013 that Plaintiff could "seldom" stand or walk, never squat, bend, or stop, and was unable to lift, carry, push/pull any weight. (T at 568, 569, 615, 616).  In August of 2012, Cari Cowin, a treating nurse practitioner, reported that Plaintiff could "seldom" ambulate, with no climbing stairs or ladders. (T at 551).  She opined that Plaintiff could not return to his last job. (T at 551).

DECISION AND ORDER – NEFF v COLVIN 14-CV-03090-VEB

The ALJ gave little weight to Ms. Cowin's opinion, noting that she was not an "acceptable medical source."[2]  The ALJ also noted that Ms. Cowin's opinion was conclusory and lacked supporting details or findings.  (T at 30).  This Court finds no error with regard to this aspect of the ALJ's decision.  The ALJ is not obliged to accept an opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

The ALJ also gave little weight to Dr. Liu's opinions, noting that they were short on supporting explanations.  In particular, Dr. Liu opined that Plaintiff could not lift any weight due to an ankle injury, without further explanation. (T at 30). In addition, the ALJ noted that Dr. Liu's opinion was contradicted by the findings of an independent medical examination ("IME") conducted in June of 2011 by Dr. James Copp (an orthopedic surgeon), Dr. Dennis Byam (a chiropractor), and Dr. Dennis Chong (a physiatrist). (T at 30, 336-46).  The IME doctors concluded that Plaintiff's

---

[2]  Medical sources are divided into two categories: "acceptable" and "not acceptable." 20 C.F.R. § 404.1502. Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 404.1502. Medical sources classified as "not acceptable" (also known as "other sources") include nurse practitioners, therapists, licensed clinical social workers, and chiropractors. SSR 06-03p. The opinion of an acceptable medical source is given more weight than an "other source" opinion. 20 C.F.R. §§ 404.1527, 416.927.  The ALJ must give "germane reasons" before discounting an "other source" opinion. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

healing was complete, with no further treatment recommended. (T at 344).  They found no ratable permanent impairment of his left ankle. (T at 345).

Plaintiff notes (correctly) that the IME doctors rendered their assessment in June 2011, before he suffered a right knee injury and underwent further surgery on his left ankle.  Dr. Liu's opinions, in contrast, were rendered in late 2012 and early 2013.  The ALJ did not account for this discrepancy in her opinion.  Rather, the ALJ simply noted that Dr. Liu's opinion "sharply contrast[ed]" with the opinions of the IME doctors and found the IME doctors' opinion better supported and more credible. (T at 30).  This analysis is incomplete and should be revisited on remand. The ALJ should consider the lapse in time and the additional treatment and injury and determine whether, in light of these factors, the IME doctors' assessment should be afforded comparably greater weight than the assessment of Dr. Liu.[3]  In addition, Dr. Liu's opinions are consistent with the opinion of the unnamed doctor, dated September 26, 2012, which limited Plaintiff to sedentary, sit-down work, with no

---

[3] It may be the case that the IME doctors' opinion was rendered effectively inoperative by subsequent developments – *i.e.* the right knee injury and additional left ankle surgery – and should thus be afforded no weight whatever.  However, Dr. Liu was not explicit about what Plaintiff's limitations were prior to the knee injury and surgery and he did not indicate to what extent those later events impacted Plaintiff's pre-existing impairments). This does provide a plausible explanation for why Dr. Liu's opinions were not consistent with the assessment of the IME doctors – an explanation the ALJ failed to consider in the decision under review, but now must consider on remand.

DECISION AND ORDER – NEFF v COLVIN 14-CV-03090-VEB

lifting over 10 pounds (T at 493, 506, 549).  The ALJ did not address that opinion.
On remand, the consistency between that assessment and Dr. Liu's opinions should
be considered when weighing Dr. Liu's opinions.

With respect to mental functioning, Dr. Debra Brownlee conducted a
consultative psychological examination in January of 2012.  Dr. Brownlee assigned
a Global Assessment of Functioning ("GAF")[4] score of 50 (T at 383), which is
indicative of serious impairment in social, occupational or school functioning.
*Onorato v. Astrue,* No. CV-11-0197, 2012 U.S. Dist. LEXIS 174777, at *11 n.3
(E.D.Wa. Dec. 7, 2012).  She described Plaintiff's prognosis as "fair" and provided a
description of Plaintiff's self-reported activities and limitations, but did not give a
detailed assessment concerning Plaintiff's ability to perform the mental demands of
basic work activities.  (T at 383-84).

Plaintiff underwent another consultative psychiatric examination in October
2012, this one performed by Dr. David Bachman.  Dr. Bachman assigned a GAF
score of 55, which is indicative of moderate symptoms or difficulty in social,
occupational or educational functioning. *Amy v. Astrue*, No. CV-11-319, 2013 U.S.
Dist. LEXIS 2297, at *19 n.2 (E.D.Wa Jan. 7, 2013).  He described Plaintiff's

---

[4] "A GAF score is a rough estimate of an individual's psychological, social, and occupational
functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161,
1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – NEFF v COLVIN 14-CV-03090-VEB

cognitive ability and achievement skills as "average," but noted that Plaintiff suffered from chronic pain disorder, PTSD, anxiety and depressive symptoms. (T at 515). Dr. Bachman recommended psychotherapy and described Plaintiff's prognosis as "fair to good with appropriate mental health treatment." (T at 515-16).

In January of 2012, Dr. James Bailey, a non-examining State Agency review consultant, reviewed the evidence of record and opined that Plaintiff had mild limitations in daily activities and moderate limitations with regard to maintaining social functioning and concentration, persistence, and pace. He opined that Plaintiff had the mental capacity to understand, remember, and persist with simple repetitive tasks and engage in superficial social situations with the general public and co-workers. (T at 83-84).

The ALJ afforded greater weight to the assessment of Dr. Bachman (which was quite detailed) and the opinion of Dr. Bailey, than to the opinion of Dr. Brownlee. (T at 30-31). The ALJ's RFC determination also accounted for Plaintiff's mental health impairments via the following findings: he has sufficient concentration to understand/remember/carry out simple repetitive tasks; he can maintain attention and concentration in 2-hour increments for simple repetitive work with usual and customary breaks over an 8-hour workday; he can work superficially and

DECISION AND ORDER – NEFF v COLVIN 14-CV-03090-VEB

occasionally with the general public and can work in proximity to an unlimited number of coworkers, but should not work in coordination with them. (T at 26-27).

This Court finds no reversible error with regard to this aspect of the ALJ's decision. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

The ALJ also discounted Plaintiff's subjective symptom testimony, finding that his medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible. (T at 27). This aspect of the ALJ's decision will necessarily need to be revisited on remand after reconsideration of the record, including consideration of Plaintiff's diabetes, Dr. Liu's opinions, Plaintiff's right knee and ankle impairments, and the opinion from an unnamed doctor, dated September 26, 2012.

This Court has carefully considered Plaintiff's request for a remand for calculation of benefits. However, "[a] claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Strauss v. Comm'r*, 635 F.3d 1135, 1138 (9th Cir. 2011). Here, in spite of the errors conceded by the Commissioner, the ALJ cited evidence that casts

DECISION AND ORDER – NEFF v COLVIN 14-CV-03090-VEB

serious doubt as whether Plaintiff is disabled.  The IME doctors opined that Plaintiff could return to work,[5] there was a gap in treatment, and treatment notes indicated normal range of motion and improving ambulation. (T at 28-29).  Plaintiff engaged in an array of daily activities, including household chores, attending to board games, using the computer, and travelling. (T at 29). Dr. Olegario Ignacio, Jr., a State Agency medical evaluation, opined that Plaintiff was capable of performing light work. (T at 85-87).  This summary is not meant to constitute a finding that Plaintiff is not disabled.  The ALJ's decision on Plaintiff's non-disability is flawed for the reasons conceded by the Commissioner and outlined above.  However, this summary is provided to explain this Court's conclusion that a remand for further proceedings (as opposed to a remand for calculation of benefits) is the appropriate remedy.

Lastly, Plaintiff expresses concern that the Commissioner will use this remand to disturb a subsequent (favorable) decision granting benefits issued on October 27, 2014.  Nothing herein should be construed to grant (or limit) any power the Commissioner may otherwise have to review or reconsider decisions not at issue here.  The decision under review concerns whether Plaintiff was disabled, as defined under the Act, from December 18, 2010(the alleged onset date), through April 26,

---

[5] Although, as noted in footnote 3 above, the IME opinion may have been rendered moot by subsequent developments.

DECISION AND ORDER – NEFF v COLVIN 14-CV-03090-VEB

2013 (the date of the ALJ's decision). Thus, this decision is limited to this time frame and none other. What the Commissioner might or might not do with respect to a different adjudication of disability in a different time frame, is not before this Court at this time. Both sides agree that the ALJ's decision should not be sustained; this Court agrees with the Commissioner that the proper remedy is a remand for further proceedings.

## IV. ORDERS

IT IS THEREFORE ORDERED that:

Plaintiff's motion for summary judgment, Docket No.13, is DENIED.

The Commissioner's motion for summary judgment and to remand, Docket No. 21, is GRANTED.

Plaintiff's motion to take judicial notice, Docket No. 23, is GRANTED.

This case is REMANDED for further proceedings consistent with this Decision and Order.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of Plaintiff, and close this case.

DATED this 11th day of May, 2015.


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – NEFF v COLVIN 14-CV-03090-VEB